**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
**J. Mark Coulson**
**UNITED STATES MAGISTRATE JUDGE**

101 WEST LOMBARD STREET
**BALTIMORE, MARYLAND 21201**
**P:(410) 962-4953 — F:(410) 962-2985**

March 2, 2026

LETTER MEMORANDUM OPINION AND ORDER TO ALL COUNSEL OF RECORD

RE:     *Adam H. v. Frank Bisignano,*[1] *Social Security Administration*
          Civil No. 1:25-cv-00913-JMC

Dear Counsel:

Adam Hecht ("Plaintiff") petitioned this Court on March 20, 2025, to review the Social Security Administration's ("SSA" or "Defendant") final decision denying his claims for disability insurance benefits ("DIB") and supplemental security income benefits ("SSI"). (ECF No. 1). The Court has considered the record in this case as well as the parties' dispositive filings. (ECF Nos. 11, 15, 16). No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). The Court must uphold an agency decision if the decision is supported by substantial evidence and was reached through application of the proper legal standard. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will remand ALJ's and Appeals Council's determinations for the reasons explained below.

## I.      Procedural Background

Plaintiff filed his current Title II application for DIB on November 11, 2021, alleging disability as of November 19, 2018. (Tr. 17).[2] The SSA initially denied his application on September 28, 2022, and upon reconsideration on March 1, 2023. *Id.* Thereafter, on March 9, 2023, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). *Id.* A telephonic hearing took place on January 19, 2024. *Id.* Concluding that Plaintiff was not under disability from November 19, 2018 through September 30, 2019, the date last insured, ALJ Robert Baker Jr. denied Plaintiff's claim on April 1, 2024. *Id.* at 26. Plaintiff appealed, and the decision became

---

[1] Frank Bisignano became the Commissioner of Social Security on May 6, 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Frank Bisignano should be substituted as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] When the Court cites to "Tr.," it is citing to the official transcript (ECF No. 8) filed in this case. When citing to specific page numbers within the official transcript, the Court is referring to the page numbers provided in the lower right corner of the official transcript pages.

1

final when the Appeals Council affirmed the ALJ's decision on February 11, 2025.  *Id.* at 1-6.

## II.    The ALJ's Decision

In arriving at the decision to deny Plaintiff's claims, the ALJ followed the five-step sequential evaluation of disability set forth in the Secretary's regulations.  20 C.F.R. § 416.920. "To summarize, the ALJ asks at step one whether the claimant has been working; at step two, whether the claimant's medical impairments meet the regulations' severity and duration requirements; at step three, whether the medical impairments meet or equal an impairment listed in the regulations; at step four, whether the claimant can perform her past work given the limitations caused by her medical impairments; and at step five, whether the claimant can perform other work." *Mascio v. Colvin*, 780 F.3d 632, 634–35 (4th Cir. 2015).  If the first three steps do not yield a conclusive determination, the ALJ must then assess the claimant's RFC, "which is 'the most' the claimant 'can still do despite' physical and mental limitations that affect her ability to work[,]" by considering all of the claimant's medically determinable impairments regardless of severity.  *Id.* at 635 (quoting 20 C.F.R. § 416.945(a)(1)). The claimant bears the burden of proof through the first four steps of the sequential evaluation.  If the claimant makes the requisite showing, the burden shifts to the SSA at step five to prove "that the claimant can perform other work that exists in significant numbers in the national economy, considering the claimant's residual functional capacity, age, education, and work experience." *Lewis v. Berryhill*, 858 F.3d 858, 862 (4th Cir. 2017) (internal citations omitted).

At step one in this case, the ALJ and Appeals Council found that Plaintiff had not engaged in substantial gainful activity "from his alleged onset date of November 19, 2018 through his date last insured of September 30, 2019." (Tr. 19). At step two, the ALJ and Appeals Council determined that Plaintiff suffered from the following severe impairment: "complex regional pain syndrome to the left upper extremity status-post crush injury (20 CFR 404.1520(c))" *Id.*

At step three, the ALJ and Appeals Council determined that Plaintiff's impairments or combination of impairments do not meet or equal one of the listed impairments in the regulations. *Id.*; 20 CFR §§ 404(p), Appendix I (20 CFR §§ 404.1520(d), 404.1525, 404.1526, 416.925, 416.926).  In assessing Plaintiff's step-three impairments, the ALJ reasoned:

> The claimant's condition does not meet or equal listing 1.18 as there is no evidence of joint space narrowing, bony destruction, or ankylosis or arthrodesis. There is also no evidence of use of an assistive device, nor the inability to use either or both upper extremities (see 9F).

(Tr. 21). Finding that Plaintiff had not proved that one or more of the above-mentioned severe impairments met or equaled one of the listed impairments in the SSA regulations, the ALJ determined Plaintiff's RFC as follows:

> [T]he undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except he is limited to lift and carry less than 5 pounds with the nondominant left upper extremity and can push/pull as much as he can lift and

carry. He is limited to occasional handling of items, fingering, and operation of hand controls with the left hand. He is limited to occasional climbing of ladders, ropes, or scaffold, and occasional crawling.

*Id.* at 22.  The ALJ reasoned:

> There is limited evidence of treatment and evaluation of left-hand pain throughout the record. Examinations reflect mild tenderness and "appropriate" tenderness (4F/19). At his initial urgent care examination, providers reported tenderness to the hamate and trapezium of the left wrist and pain at end range movement of the ulna, but full range of motion and 4/5 strength in the left wrist motion and 3-4 grip strength on the left. Providers also noted mild swelling and moderate tenderness in the wrist, hand, and fingers (8F). By September 2019, pain specialist providers reported continued pain with no lasting improvement from a series of three left stellate ganglion blocks. The claimant reported burning, throbbing, and aching throughout the hand, and occasional swelling. On examination, providers reported slight limitation in left wrist flexion and extension with functional pronation and supination, abnormality in his ability to fully make a fist, ad inability to oppose the thumb to the little finger. They also noted minimal swelling along the dorsal surface of the left hand (9F). No abnormality in the right upper extremity, or other parts of the left upper extremity have been reported.
>
> In December 2019, providers reported positive thumb compression of the left thumb, positive tinels of the left carpal tunnel, cubital tunnel, and left radial tunnel, localized tenderness at the area of trauma, swell of the palmar and dorsal side of the left hand, but intact sensation to light touch, equal pulses, and the ability to make a composite fist with full range of motion and passively extend the fingers. He demonstrated 20 pounds of force in the left hand, compared to 105 pounds of force in the right hand (4F/22). In April 2020, the claimant presented to his surgeon, and he reported improvement in symptoms with prescribed Neurontin and requested a refill. He also reported improvement with use of his compression glove (4F/2-3). An NCS/EMG revealed normal results and in 2021, the claimant reported continued discomfort but that his limitations had not changed since February 2020 (4F/6).

*Id.* at 23.  Prior to the established date of disability onset, the ALJ concluded that Plaintiff did not have past relevant work.  *Id.*

Finally, given Plaintiff's RFC, age, education, and work experience, the ALJ determined that Plaintiff could perform the following jobs which existed in significant numbers in the national economy: (1) Storage Facility Clerk (DOT: 295.367-026) with approximately 58,000 jobs available nationally; (2) Copy Machine Operator (DOT: 207.685-014), with approximately 14,000 jobs available nationally; (3) Cashier (DOT: 211.462-010), with approximately 190,000 jobs available nationally. *Id.* at 25-26.  Accordingly, the ALJ concluded that Plaintiff has not been under a disability, as defined in the Social Security Act, from November 19, 2018, the date of alleged onset, through September 30, 2019, the date last insured.  *Id.* at 26.

### III.    Legal Standard

The Court reviews an ALJ's decision to ensure that the ALJ's findings are supported by substantial evidence and were reached through an application of correct legal standards. *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion, . . . [which] consists of more than a mere scintilla of evidence but may be less than a preponderance." *Id.* (other citation and internal quotations omitted). In accordance with this standard, the Court does not "undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005). Instead, "[w]here conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." *Id.*

### IV.    Analysis

Plaintiff argues on appeal that the ALJ's decision was not supported by substantial evidence because the ALJ failed to properly evaluate Plaintiff's Complex Regional Pain Syndrome ("CRPS") in accordance with the directives of Social Security Ruling 03-2p. (ECF No. 11 at 7). Though Plaintiff asserts several reasons as to why, it shall be necessary only to address the first. For the reasons that follow, the ALJ's RFC determination is not supported by substantial evidence. As such, I will remand the case.

    a.   <u>The ALJ's and Appeals Council's RFC Determination is Not Supported by Substantial Evidence</u>

"An RFC is an assessment that represents the most a claimant can still do despite any physical and mental limitations on a 'regular and continuing basis.'" *Rodney M. v. Kijakazi*, No. CV 23-0947-CDA, 2024 WL 1097192, at *3 (D. Md. Mar. 13, 2024) (quoting 20 C.F.R. § 416.945(b)–(c)). The ALJ "must consider all of the claimant's 'physical and mental impairments, severe and otherwise, and determine, on a function-by-function basis, how they affect [the claimant's] ability to work" in determining a claimant's RFC. *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019) (quoting *Monroe v. Colvin*, 826 F.3d 176, 188 (4th Cir. 2016)). "An ALJ's RFC assessment must include an evaluation of the claimant's ability to perform the physical functions listed in 20 C.F.R. § 404.1545(b), including sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions . . . [that] may reduce [a claimant's] ability to do past work and other work." *Rodney M.*, 2024 WL 1097192, at *3 (internal citation omitted). As previously explained by the Fourth Circuit, "every conclusion reached by an ALJ when evaluating a claimant's RFC must be accompanied by 'a narrative discussion describing [ ] the evidence' that supports it." *Dowling v. Comm'r of Soc. Sec. Admin.*, 986 F.3d 377, 387 (4th Cir. 2021) (quoting *Thomas*, 916 F.3d at 311). Thus, "A proper RFC analysis proceeds in the following order: (1) evidence, logical explanation, and conclusion." *Id.* at 388 (cleaned up). The Fourth Circuit has rejected "a per se rule requiring remand when the ALJ does not perform an explicit function-by-function analysis," though, and has explained that "[r]emand may be appropriate . . . where an ALJ

fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." *Mascio*, 780 F.3d at 636; *see also Monroe*, 826 F.3d at 188.  A "necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling, including a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence."  *Monroe*, 826 F.3d at 189 (citing *Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013)); *see also Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018) ("In other words, the ALJ must *both* identify evidence that supports his conclusion *and* build an accurate and logical bridge from [that] evidence to his conclusion.") (internal quotation omitted) (emphasis in original).

       *i.*     *The ALJ Failed to Apply the Correct Legal Standard Set Forth by Social Security Ruling 03-2p*

As an initial matter, Social Security Rulings ("SSRs") "are binding on all components of the Social Security Administration" and "represent precedent final opinions and orders and statements of policy and interpretations" adopted by the SSA. 20 C.F.R. § 402.35(b)(1).  Though an ALJ need not refer to an SSR in his or her opinion, the ALJ's decision must be based upon proper application of the correct legal standards supported by substantial evidence.  *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 94 (4th Cir. 2020).  Relevant here, SSR 03-2p provides that:

> [C]onflicting evidence in the medical record is not unusual in cases of [CRPS/]RSDS due to the transitory nature of its objective findings and the complicated diagnostic process involved. Clarification of any such conflicts in the medical evidence should be sought first from the individual's treating or other medical sources.... [In addition, the] signs and symptoms of CRPS may remain stable over time, improve, or worsen. Documentation should, whenever appropriate, include a longitudinal clinical record containing detailed medical observations, treatment, the individual's response to treatment, complications of treatment, and a detailed description of how the impairment limits the individual's ability to function and perform or sustain work activity over time.

2003 WL 22399117, at *5 (Oct. 20, 2003).  Thus, if a claimant's statements about the "intensity, persistence, or functionally limiting effects of pain or other symptoms are [inconsistent with] objective medical evidence, the [ALJ] must make a finding on the credibility of the individual's statements based on a consideration of the entire case record." *Id.* at *6. In *Paul P. v. Saul*, the Court recognized that an ALJ "must explain which of the claimant's symptoms the ALJ 'found consistent or inconsistent with the evidence in [the] record and how [the] evaluation of the individual's symptoms led to [the ALJ's] conclusions.'" *Paul P. v. Saul*, No. CV GLS 19-2793, 2021 WL 1134751, at *3 (D. Md. Mar. 24, 2021). There, the court remanded a case because the ALJ "failed to adequately explain why he discredited the [p]laintiff's allegations as to the intensity, persistence, and limiting effects of his symptoms in accordance with SSR 03-2p." *Id.* at *4 (relying on *Stephanie N. v. Saul*, Civ. No. SVH 20-2027, 2021 WL 777560, at *20 (D.S.C. Mar. 1, 2021), *Berry v. Saul*, Civ. No. FDW 20-00002, 2020 WL 6365464, at * 4 (W.D.N.C. Oct. 29, 2020)).  In *Pual P.*, the record showed that the plaintiff had a normal gait and range of motion, as the ALJ pointed out, but it also showed that the plaintiff did not have a consistent normal gait and range of

motion. *Id.* at *4. Because the ALJ failed to include "any discussion or clarification of this conflicting evidence" used to discredit the plaintiff's subjective reports of pain, the analysis was inconsistent with SSR 03-2p. *Id.* Similarly, in *Tyheim H. v. Kijakazi*, the ALJ "identified that [the plaintiff] reported nerve pain, difficulty lifting, squatting, bending, standing, walking, kneeling, and stair climbing, elevating his leg 75-80% of the day, and needing breaks during his daily activities." *Tyheim H. v. Kijakazi*, Civil Action No. ADC-21-223, 2022 WL 195606, at *4 (D. Md. Jan. 21, 2022). As an initial matter, the ALJ concluded that the plaintiff's statements concerning the intensity, persistence, and limiting impact of his symptoms were "not entirely consistent with the medical evidence and other evidence in the record." *Id.* The ALJ further concluded that the "objective findings fail to provide strong support for [the plaintiff's] allegations of disabling symptoms and limitations." *Id.* The Court reasoned that this analysis, which "focused on [the plaintiff's] normal gait and his daily activities, despite his leg impairment, including Plaintiff's travel on a bus and train to visit his children, climbing stairs to his third floor apartment, taking out the garbage, taking public transit, cleaning, and making sandwiches," failed to resolve the conflicting evidence on the record with appropriate consideration of the plaintiff's subjective reports of pain and intensity under SSR 03-2p. *Id.* at *4-*5.

As Plaintiff here points out, the ALJ first concluded that his CRPS of his upper left extremity was a severe impairment. (Tr. 19). Despite that finding, the ALJ discounted his reports of pain based on evidence of "improvement and stabilization of symptoms with minimal and conservative ongoing treatment" and "mild" or "appropriate" tenderness on examination. *Id.* at 22-23. While the ALJ focused on objective medical evidence, the ALJ failed to recognize that the inconsistency between the objective medical evidence and a plaintiff's reports of pain is often inconsistent in cases of CRPS pain under SSR 03-2p or provide any discussion explaining how the conflicting evidence discounted Plaintiff's reports of pain. *See Paul P. v. Saul*, 2021 WL 1134751, at *3; *Tyheim H.*, 2022 WL 195606, at *4. Here, while the ALJ summarizes several medical records, he failed to explain which of Plaintiff's symptoms he found to be consistent or inconsistent with that evidence and how his evaluation of Plaintiff's symptoms led to his conclusions. (Tr. 22-24). Indeed, there is little recognition for any of Plaintiff's self-reported symptoms. While the Commissioner theorizes how a proper analysis could certainly be reached under the available evidence, the Commissioner's argument does not properly represent the ALJ's reasoning. (ECF No. 15 at 8-9). Considering the ALJ's failure to apply the correct legal standard set forth under SSR 03-2p, the RFC determination is not supported by substantial evidence.

**V.      Conclusion**

In sum, the Court agrees with Plaintiff that the ALJ and subsequently the Appeals Council inadequately explained Plaintiff's RFC determination.  In other words, the ALJ's and Appeals Council's RFC determination for Plaintiff is not supported by substantial evidence for the reasons explained above. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED and REMANDED.  The Clerk of the Court is accordingly asked to CLOSE this case.

Despite the informal nature of this letter, it is an Order and Opinion of the Court, and the Clerk is directed to docket it as such.

Sincerely yours,

_____/s/_____

J. Mark Coulson
United States Magistrate Judge

7